IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:12-CR-3056 |
| vs. | |
| KENNAN RASHON MALLORY, | ORDER |
| Defendant. | |

This matter is before the Court on a letter from the defendant (filing 161) that the Court has filed as a motion asking the Court to provide him with a halfway house placement. Regrettably, the Court must deny that motion.

As relevant, the Court sentenced the defendant in April to 8 months' imprisonment for a supervised release violation. Filing 158 at 2. His letter explains that he now has less than 6 months to serve on that sentence, so he wants to go to a halfway house where he can get substance abuse treatment and pursue employment and education. Filing 161 at 1. And he isn't getting helpful information from the Bureau of Prisons about how to accomplish that. Filing 161 at 1.

But once a prisoner has been committed to the custody of the Bureau of Prisons, it's the Bureau that designates the place of the prisoner's imprisonment, his security designation, his programmatic needs, and his mental and medical health needs. 18 U.S.C. § 3621(b). The Bureau is obliged to transition the defendant out of imprisonment for the final months of his term "to the extent practicable." *See* 18 U.S.C. § 3624(c)(1); 28 C.F.R. § 570.21(a). And that may include a community correctional facility. *See id*. But § 3621(b) provides the Bureau with "broad discretion to choose the location of

an inmate's imprisonment," and so long as that discretion is exercised on an individual basis, and provides the prisoner with a reasonable opportunity to adjust to and prepare for re-entry into the community, § 3624(c) does not require placement in a community correctional facility. *See Fults v. Sanders,* 442 F.3d 1088, 1090 (8th Cir. 2006); *see also Miller v. Whitehead,* 527 F.3d 752, 758 (8th Cir. 2008); *Elwood v. Jeter,* 386 F.3d 842, 847 (8th Cir. 2004).[1]

It is frustrating that a prisoner who wants and needs substance abuse treatment doesn't seem to be able to get it. But unfortunately, there is little the Court can do for him at this point.[2] Accordingly,

IT IS ORDERED that the defendant's motion for halfway house placement (filing 161) is denied.

Dated this 22nd day of July, 2020.

BY THE COURT:

*[signature: John M. Gerrard]*

John M. Gerrard
United States District Judge

---

[1] Furthermore, if the defendant thinks those provisions haven't been complied with, it's an issue that must be presented for administrative review and then, if necessary, the U.S. District Court where the defendant is confined—in this case, the U.S. District Court for the District of Kansas. *See Garza v. Davis,* 596 F.3d 1198, 1204 (10th Cir. 2010); *see also* 28 U.S.C. § 2241.

[2] For what it's worth, though: the defendant was also sentenced to a 2-year term of supervised release. Filing 158 at 3. The Court understands the defendant's desire to get started—but, at least, the Court can assure the defendant that its probation office will do its best to make sure that the defendant has the services he needs once he is back in this Court's jurisdiction.